464 So.2d 976 (1985)
Barbara BROWN, et al
v.
CITY OF NEW ORLEANS et al.
No. CA-2307.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Law Offices of Bendana & Carlton, Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellant.
Herbert Ball Bowers III, Asst. City Atty., Robert Gisevius, Deputy City Atty., Douglas P. Wilson, Chief Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendants-appellees.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Barbara and John Brown, brought this action for the wrongful death of their son, Gregory Brown, against Dairyland Insurance Company and the City of New Orleans. Plaintiffs settled with the insurance company, and the trial court rendered *977 a judgment in favor of the City. Plaintiffs appeal. We affirm.
The issue presented on appeal is whether the trial court was correct in its determination that Police Officers Lloie Clark and John Evans did not negligently cause the accident in which Gregory Brown died.
On March 24, 1983, Officers Clark and Evans saw a 1983 Oldsmobile run a stop sign at the corner of Congress and Law Streets in New Orleans. The officers signaled with lights and siren for the car to stop, and it did so. As Officer Clark approached the Oldsmobile to ticket the driver, the car unexpectedly accelerated and was driven away at a high rate of speed. Officer Clark returned to the police car and chased the Oldsmobile at a speed of between 40 and 50 miles per hour for seven or eight blocks. During this pursuit, the vehicle maintained a distance of two blocks ahead of the police car. Throughout the chase the Oldsmobile was driven at a speed of between 60 and 70 miles per hour. While in pursuit of the Oldsmobile the Officers learned via radio that the car had been reported as stolen. At the intersection of Independence and North Miro Streets, the driver of the Oldsmobile, Roray Jenkins, ran a stop sign and struck the passenger side of a vehicle, in which Gregory Brown was a passenger. As a result of that collision Gregory Brown died.
Plaintiffs argue that Officers Clark and Evans negligently exceeded the speed limit, thereby causing Gregory Brown's death. We must disagree. The Officers did exceed the speed limit, but such excess is allowed under these circumstances as long as "the duty to drive with due regard for the safety of all persons" is respected.[1] Merely driving over the speed limit in pursuit of a suspected felon is not negligence per se.
There was no other evidence presented at trial to indicate that the police officers acted negligently in pursuit of the Oldsmobile. We therefore, conclude that the police officers did not deviate from the standard of care imposed upon them in these circumstances. Thus, we agree with the trial court's finding that the police officers were not negligent.
In addition we must note that the plaintiff's implication that the police officers caused this accident is absurd. The only person responsible for this tragic accident is Roray Jenkins, the driver of the Oldsmobile.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 32:24 reads in pertinent part as follows:

Emergency vehicles; exceptions
A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
. . . . .
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others. Acts 1962, No. 310, § 1.
(emphasis added)